IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS ANDREW BALL, personally and as Benefactor of the Eleanor R. Ball Irrevocable Living Trust 05/10/01, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL NO. 09-406-GPM<br>) |
| MORGAN STANLEY & CO., INC., former Trustee of the Eleanor R. Ball Irrevocable Living Trust 05/10/01, | )<br>)<br>)<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for leave to file an amended complaint brought by Plaintiff Dennis Andrew Ball (Doc. 9). By order entered June 1, 2009, the Court directed Ball to amend his complaint in this cause to allege properly the facts necessary to the exercise of the Court's subject matter jurisdiction in diversity pursuant to 28 U.S.C. § 1332. Specifically, the Court directed Ball to allege that he is a citizen, that is, a domiciliary, of a state. *See Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835-36 (S.D. Ill. 2006) (the citizenship of a natural person for diversity purposes is established by allegations that the person is a citizen of a state, meaning that the person is domiciled in that state). *See also Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *6 (S.D. Ill. Nov. 22, 2006). In its June 1 order the Court also directed Ball to amend his complaint to allege properly the corporate citizenship of Defendant Morgan Stanley & Co., Inc., ("Morgan Stanley") specifically, the state where Morgan Stanley is incorporated and the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lyerla*,

461 F. Supp. 2d at 836.  Finally, the Court directed Ball to allege that an amount in excess of the jurisdictional minimum amount for diversity purposes, to wit, $75,000, exclusive of interest and costs, is in controversy in this case.  *See* 28 U.S.C. § 1332(a); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).  Ball now seeks leave to file an amended complaint to re-plead the facts establishing the Court's subject matter jurisdiction in diversity.  Unfortunately, however, though Ball's proposed amended complaint alleges properly that he is a citizen of Illinois and that the amount in controversy in this case exceeds the jurisdictional minimum for diversity purposes, Ball's jurisdictional allegations with respect to Morgan Stanley remain defective.  Ball's proposed amended complaint alleges that Morgan Stanley "conduct[s] [its] business in Maricopa County, State of Arizona, in the City of Surprise, Arizona, with [its] lead 'nerve center' office in San Francisco, California."  Doc. 10 at 2 ¶ 3.  Assuming arguendo that California is the location of Morgan Stanley's "nerve center" or principal place of business, *see Lyerla*, 461 F. Supp. 2d at 836, Ball nonetheless has failed to allege the state where Morgan Stanley is incorporated.

Because Ball's proposed amended complaint fails properly to allege subject matter jurisdiction, the Court will deny Ball's motion for leave to amend his complaint.  *See Will v. General Dynamics Corp.*, No. 06-698-GPM, 2007 WL 3145058, at *2 (S.D. Ill. Oct. 25, 2007) (leave to amend a complaint is properly denied when the proposed amendment is futile).  Additionally, the Court concludes that this action is due to be dismissed.  Proper allegations of federal subject matter jurisdiction are essential, of course, to the Court's ability to proceed any further with this case.  *See United States v. Tittjung*, 235 F.3d 330, 339 (7th Cir. 2000) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to

the court is that of announcing the fact and dismissing the cause."). *See also Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 845 (S.D. Ill. 2006) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)) (noting that "issues affecting a court's subject matter jurisdiction are 'fundamentally preliminary.'"). Moreover, where, as here, "the court reminded the parties of the need to establish complete diversity of citizenship," yet "[d]espite receiving express directions about what they had to do, [the parties] did not do it," dismissal is the appropriate course. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073, 1074 (7th Cir. 1992). "At some point the train of opportunities [to establish subject matter jurisdiction] ends." *Id.* at 1074. Quite simply, "it is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (citation omitted). Rule 12 of the Federal Rules of Civil Procedure provides, in pertinent part, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Ball's motion for leave to amend (Doc. 9) is **DENIED** and pursuant to Rule 12(h)(3), this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 6/17/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge
